**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

ROY LEE RITTMAN,

                    Petitioner,

v.                                                Case No. 10-C-555

PETER HUIBREGTSE,

                    Respondent.

## DECISION AND ORDER

This matter is before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Title 28 of the United States Code § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  Pro se Petitioner Roy Lee Rittman ("Rittman") is challenging his January 29, 2008, judgment of conviction by the Circuit Court for Milwaukee Country, Wisconsin for armed robbery with threat of force and robbery with threat of force in violation of Wis. Stat. § 943.32(2), and § 943.32(1)(b), respectively.

Rittman's conviction followed a bench trial. He was sentenced to six years in prison, to be followed by two-years of extended supervision.

Rittman, who is imprisoned at the Wisconsin Secure Detention Facility, is in state custody. Rittman lists two grounds for relief: (1) there was insufficient evidence; and (2) an error in reasoning. In an attachment to his petition, Rittman sets forth the reasoning underlying the grounds he presents for relief. His second ground challenges the state appeals court's decision upholding his conviction. Essentially, Rittman challenges the sufficiency of the evidence for his armed robbery conviction which states an arguable Fourteenth Amendment due process claim. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Rittman's petition arguably challenges the legality of his custody as being in violation of the Constitution of the United States.

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). Additionally, the claims raised in the petition must be the same claims that were raised and exhausted in state court. *Picard v. Connor*, 404 U.S. 270, 276 (1971). State courts are fully capable of ruling on federal law, and a petitioner has not satisfied the exhaustion requirement unless the state courts heard the alleged violations of his federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim where such review is "a normal, simple, and established part of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S.

838, 845 (1999). This means that in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003).

Rittman indicates that he presented the issues he now raises before the Wisconsin Court of Appeals. Review of the court of appeals' decision attached to Rittman's petition indicates that the sufficiency of the evidence issue was presented to the state appellate court. *See State v. Rittman*, 324 Wis. 2d 273, 781 N.W.2d 545, 546 (Wis. Ct. App. 2010). Rittman also filed a petition for review with the Wisconsin Supreme Court. The petition was denied. *See State v. Rittman*, No. 2009AP708, Order (Wis. May 13, 2010). Therefore, at this juncture, the Court concludes that Rittman has exhausted his state remedies.

Summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does not plainly appear from "the face of the petition" that Rittman is not entitled to the relief sought by his petition for a writ of habeas corpus. Consequently, Respondent Peter Huibregtse ("Huibregtse") will be called upon to serve and file an answer to Rittman's petition for a writ of habeas corpus. The answer must contain the information called for by Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.

Rittman requests an evidentiary hearing on his petition. Consistent with Rule 8 of the Rules Governing Section 2254 Cases in the United States District Court, the Court will determine whether an evidentiary hearing is required after the answer and any transcripts and records of the state court proceedings have been filed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Huibregtse **MUST** file an answer to the petition by **September 15, 2010.**

Such answer **MUST** comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated at Milwaukee, Wisconsin this 29th day of July, 2010.

> **BY THE COURT**
>
> *s/ Rudolph T. Randa*
> _____
> **Hon. Rudolph T. Randa**
> **U.S. District Judge**