# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROY LEE RITTMAN,**

    Petitioner,

-vs-                                                    Case No. 10-C-555

**PETER HUIBREGSTE, Warden,**
**Wisconsin Secure Program Facility,**

    Respondent.

# DECISION AND ORDER

In this action under 28 U.S.C. § 2254, Roy Lee Rittman challenges his state court conviction for robbery with the threat of force. Rittman argues that there was insufficient evidence to support his conviction. Rittman's petition must be denied.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the review of state court convictions in federal habeas corpus proceedings. A federal court may grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Rittman can prevail on his insufficient evidence claim only if no reasonable fact finder could have found him guilty. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) ("the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact

could have found the essential elements of the crime beyond a reasonable doubt"). The "unreasonable application" clause applies to a claim of insufficient evidence because it is a mixed question of law and fact. *Gomez v. Acevedo*, 106 F.3d 192, 199 (7th Cir. 1997). Issues of fact are governed by § 2254(e)(1), which provides that a state court's factual determinations "shall be presumed to be correct" unless they are rebutted by "clear and convincing evidence." Accordingly, Rittman is entitled to relief only if the state court's determination that there was enough evidence to convict him was an unreasonable application of the *Jackson* standard to the presumptively correct facts found by the court.

Rittman was convicted after a trial to the court under Wis. Stat. § 943.32(2), which provides that whoever steals "by use or *threat of use* of a dangerous weapon" is guilty of a Class C felony. In finding Rittman guilty, the trial court explained that there was "no gun that was produced. There was no weapon, no screwdriver, no pipe, no anything that was produced by the perpetrator during the course of these events." Nonetheless, the trial court "concluded that the State had proven that the teller reasonably believed that the defendant was armed with a dangerous weapon when he robbed the bank." *State v. Rittman*, 781 N.W. 2d 545, 547 (Wis. Ct. App. 2010). The Court of Appeals explained:

> Although Rittman tends to generalize the trial court's finding of guilt by pointing out that the bank teller's earlier involvement in bank holdups would make 'understandable' 'her belief that any bank robber is likely armed,' there is much more in this case than the mere overlay of experience:
>
> • Rittman's note threatening harm;
>
> • his putting his only free hand in his pocket rather than keeping it out to scoop up the money he demanded;

- his threat of harm if anyone tried to stop his getaway; and

- his order to the teller to get down as he was escaping.

> All of this combined to give the teller a reasonable belief that Rittman had a dangerous weapon with which he could 'hurt' her if she did not do what he demanded. There was no need for the note to use the word 'gun' or 'bomb' to have the teller reasonably believe that she could be 'hurt,' as the note threatened. Certainly, it would have been foolhardy for her to say to Rittman that she did not believe he *could* seriously hurt her because she did not see a gun and he did not specifically *say* he had one.

*Rittman*, 781 N.W. 2d at 549. This is not an unreasonable application of the *Jackson* standard because a reasonable fact finder could have found Rittman guilty beyond a reasonable doubt. The Court will not issue a certificate of appealability because reasonable jurists would not find this ruling debatable or wrong. *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012); Rule 11(a), Rules Governing Section 2254 Cases.

Rittman's petition is **DENIED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of February, 2013.

BY THE COURT:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**